[Cite as *State v. Jones*, 2016-Ohio-1320.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO


| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-150331 |
| | | TRIAL NO. 15CRB-5572 |
| Plaintiff-Appellee, | : | |
| | | *O P I N I O N.* |
| vs. | : | |
| NATASHA JONES, | : | |
| Defendant-Appellant. | : | |


Criminal Appeal From:  Hamilton County Municipal Court

Judgment Appealed From Is:  Reversed and Appellant Discharged

Date of Judgment Entry on Appeal:  March 30, 2016


*Paula Boggs Muething*, City Solicitor, *Natalia Harris*, City Prosecutor, and *Melanie J. Reising*, Assistant City Prosecutor, for Plaintiff-Appellee,

*Soumyajit Dutta*, for Defendant-Appellant.


Please note:  this case has been removed from the accelerated calendar.

**DEWINE, Judge.**

{¶1}    Natasha Jones couldn't produce a prescription for the Xanax and Vicodin that police found stashed in her sweatshirt, so they charged her with possession of illegal drugs. But at trial, she came up with the prescription. The trial court convicted her anyway. In this appeal, we determine that the evidence upon which she was convicted was insufficient, so we reverse and discharge her from further prosecution.

## I. Background

{¶2}    Officer James Ball stopped Jones because she had an outstanding warrant. His partner searched her and found two prescription bottles in her sweatshirt pocket. Both bottles—one containing one Xanax pill and the other containing 33 Vicodin pills—were missing their labels. Ms. Jones claimed that she had a prescription for the pills, but she was unable to produce it at the time of her arrest. As result, she was charged with possession of prescription drugs without a prescription. *See* Cincinnati Municipal Code 601.23.

{¶3}    During a trial to the court, Ms. Jones produced a "Customer History Report," certifying that, the day before her arrest, she had been prescribed 120 Xanax pills and 120 Vicodin pills. She also claimed that the bottles' labels had fallen off because they had gotten wet in the rain. The state did not challenge the authenticity of the prescription. Rather, it questioned whether the pills in the bottles were those that had been prescribed. At the conclusion of the trial, the court found Jones guilty as charged and sentenced her accordingly.

## II. The Evidence Was Insufficient to Support the Conviction.

{¶4}     Ms. Jones argues that her conviction was not supported by sufficient evidence and was against the manifest weight of the evidence because she had a prescription for the drugs.

{¶5}     A conviction is supported by sufficient evidence when the state adduces substantial, credible evidence from which the trier of fact can reasonably conclude that the state has proved beyond a reasonable doubt the elements of the charge. *See State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus. Ms. Jones was convicted of violating Cincinnati Municipal Code 601.23, which provides

No person * * * shall have in such person's possession any prescription drug, except those obtained pursuant to a prescription or dispensed by a practitioner.

Proof of possession of a prescription drug, other than in a container labeled to indicate the date of sale, the name and address of the person for whom the drug was prescribed, instructions for taking, and the name of the pharmacy where sold, together with the prescription number, shall constitute prima facie evidence of a violation of this section.

{¶6}     The state relies on the fact that it presented prima facie evidence of the violation of the ordinance when it demonstrated that Jones had the drugs in prescription bottles without labels. But prima facie evidence is merely "[e]vidence that will establish a fact or sustain a judgment unless contradictory evidence is produced." *Black's Law Dictionary* 598 (8th Ed.2004). Ms. Jones produced contradictory evidence that she had a prescription for the pills. Once rebutted by evidence of the prescription, the state's prima facie evidence was not sufficient to establish that Jones had violated the ordinance.

{¶7} At trial, the state questioned whether the prescription record that Jones produced at the trial was for the pills that were found in her possession. The trial court, however, believed that part of her story, stating, "And again I'm not disputing you have a scrip [sic] for these drugs."

{¶8} Nonetheless, the court found her guilty of violating the ordinance. It focused on Jones's explanation that the bottles' labels had fallen off in the rain. The court didn't buy that story, noting "clearly [the labels] were pulled off and removed." But the ordinance doesn't make it a crime to have pills in bottles with pulled-off labels. *Compare* R.C. 3719.08(E) ("No person shall alter, deface, or remove any label affixed [to a container in which the controlled substance is dispensed] pursuant to this section as long as any of the original contents remain."). The court also cited the number of pills that were left in the bottles, pointing out that the single Xanax pill and the 33 Vicodin pills were substantially fewer than the 120 of each drug that had been prescribed to Jones the day before. Nothing in the ordinance, however, requires that a person carry her complete prescription with her. It is possible that Jones had either taken more doses than her doctor ordered or, as the court suspected, that she was selling the pills. But Ms. Jones was charged with possession of prescription drugs without a prescription, not trafficking.

{¶9} Regardless of whether its suspicions about Jones were well-founded, the court found that she had a prescription for the pills. Because she had a prescription for the pills, the state could not prove beyond a reasonable doubt that she possessed prescription drugs without a prescription. The assignment of error is sustained.

{¶10} We therefore reverse the judgment of the trial court. Ms. Jones is discharged from further prosecution.

Judgment reversed and appellant discharged.

**HENDON, P.J.,** and **STAUTBERG, J.,** concur.

Please note:

   The court has recorded its own entry on the date of the release of this opinion.

